UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                  :
BRIAN WILLIAMS,                   :
                                  :
          Petitioner,             :   Civ. No. 21-13732 (NLH)
                                  :
     v.                           :
                                  :
WARDEN DAVID ORTIZ,               :   OPINION
                                  :
          Respondent.             :
_____:

APPEARANCES:

Brian Williams
52290-060
F.C.I. Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

     Petitioner pro se

HILLMAN, District Judge

I.   INTRODUCTION

     Petitioner, Brian Williams ("Petitioner" or "Williams"), is
a federal prisoner currently incarcerated at F.C.I. Fort Dix in
Fort Dix, New Jersey.  He is proceeding pro se with a petition
for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See ECF
1, 1-1.  For the following reasons, Petitioner's habeas petition
is summarily dismissed.

II.  BACKGROUND

     Petitioner pled guilty in the United States District Court
for the Northern District of Ohio to one count of possession

with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B).  See United States v. Williams, No. 15-cr-326, ECF 48 (N.D. Ohio).  On April 26, 2017, Petitioner was sentenced to 180 months imprisonment to be followed by eight years of supervised release.  See id.  The United States Court of Appeals for the Sixth Circuit affirmed on direct appeal.  See id., ECF 72.

Thereafter, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Northern District of Ohio.  See id., ECF 73.  On March 26, 2019, the Northern District of Ohio denied Petitioner's § 2255 motion and a certificate of appealability.  See id., ECF 75.  On July 31, 2019, the Sixth Circuit denied a certificate of appealability on Petitioner's § 2255 motion as well.  See id., ECF 77.

On January 7, 2021, Petitioner filed a motion for compassionate release pursuant to the First Step Act related to the ongoing COVID-19 pandemic.  See id., ECF 93.  That motion remains pending in the Northern District of Ohio.

In July, 2021, Petitioner filed his § 2241 habeas petition in this Court.  See ECF 1, 1-1.  Petitioner raises two claims in his habeas petition; namely:

1. The presiding judge during Petitioner's criminal

   proceedings, the Honorable John R. Adams, did not have

2

jurisdiction to find Petitioner guilty and sentence him due to his mental condition and the fact that his docket of cases had been transferred to other judges; and

2. Because Judge Adams' mental competency was in question at the time of Petitioner's plea and sentence, Petitioner's due process rights were violated.

See ECF 1 at 6.  Petitioner requests this Court vacate his entire sentence and "place him in his prior plea position" with a different jurist assigned to his criminal case.  See id. at 7.

III. STANDARD OF REVIEW

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an
> application for a writ of habeas corpus
> shall forthwith award the writ or issue an
> order directing the respondent to show cause
> why the writ should not be granted, unless
> it appears from the application that the
> applicant or person detained is not entitled
> thereto.

As Petitioner is proceeding pro se, his petition is held to less stringent standards than those pleadings drafted by lawyers. See Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing Haines

3

v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)).  Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]"  Lonchar v. Thomas, 517 U.S. 314, 320 (1996).

IV.  DISCUSSION

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

In the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the

prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id.

Petitioner's claims in his habeas petition fail to fall within the safety valve pronounced in Dorsainvil and its progeny. Indeed, he does not claim whatsoever that he is actually innocent of his convicted crime of possession with intent to distribute fentanyl on a theory that he has been detained for conduct that has subsequently been rendered non-criminal. Accordingly, this Court lacks jurisdiction to consider Petitioner's habeas petition under § 2241.

This Court also takes judicial notice that Petitioner's claims are factually inaccurate. Indeed, in 2017, the Committee on Judicial Conduct and Disability of the Judicial Conference of

the United States vacated the Judicial Council of the Sixth's Circuit sanction of Judge Adams which would have reassigned his cases to other jurists and would have prohibited the assignment of new cases to Judge Adams for two years.  See In Re: Complaint of Judicial Misconduct, C.C.D. No. 17-01 (Comm. on Judicial Conduct and Disability of Judicial Conference of the United States, Aug. 14, 2017).

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  Because Petitioner has already filed a motion under § 2255, he cannot file a second or successive motion without the permission of the United States Court of Appeals for the Sixth Circuit.  See 28 U.S.C. §§ 2244, 2255(h).  This Court finds that it is not in the interests of justice to transfer the petition because it does not appear Petitioner can meet the standards for filing a second or successive § 2255 motion.  Nothing in this opinion should be construed though as preventing Petitioner from asking permission from the Sixth Circuit himself should he elect to do so.

V.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction.  An appropriate order will be entered.


Dated: August 23, 2021          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.